# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:07-cv-00609-FMC-RCx | Date | January 23, 2009 |
|---|---|---|---|
| Title | Sandra Miranda v. Thomas C Hokinson et al | | |

| Present: The Honorable | FLORENCE-MARIE COOPER | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not present                           Not present

**Proceedings:**     ORDER DENYING MOTION    (In Chambers)

This matter is before the Court on Plaintiff Sandra Miranda's Motion/Appeal of Order Granting Ex Parte Application to Compel Plaintiff's Mental Examination (docket no. 85), filed December 30, 2008. The Court has read and considered the moving and opposition documents submitted in connection with this motion.[1] Pursuant to the Court's Standing Order Rule 3(b), "any Reply papers are to be filed and served not later than 14 days before the hearing date." As the hearing for Plaintiff's Motion is scheduled for February 2, 2009, Plaintiff's Reply was due on January 20, 2009. To date, no Reply has been filed with the Court. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for February 2, 2009, is removed from the Court's calendar.

Plaintiff's Motion seeks review of the Magistrate Judge's Order dated December 18, 2008 compelling a mental examination of Plaintiff Sandra Miranda. As noted by the Court in its Order dated January 9, 2009, the Court has been advised that Plaintiff has already undergone the mental examination scheduled for January 8, 2009. The Court therefore DENIES as moot Plaintiff's Motion for review of the Magistrate Judge's Order to compel a mental examination.

Plaintiff also seeks sanctions in the amount of $6,000 against Defendants because their motion

---

[1] The Court has not received the mandatory chambers copies of Plaintiff's Motion (docket no. 85). The Court reminds Plaintiff's counsel of its electronic filing procedures:

> Step 3: <u>A PAPER COPY</u> of all e-filed documents shall be delivered to the DROP BOX OUTSIDE THE CLERK'S OFFICE IN THE ROYBAL FEDERAL BUILDING (FIRST FLOOR, SUITE 181-L) <u>within 24 hours or on the same day, if priority processing is being requested</u>. All copies delivered to the drop box shall have the notice of E-filing attached to the back of the document. DO NOT PLACE THESE IN ENVELOPES.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:07-cv-00609-FMC-RCx | Date | January 23, 2009 |
|---|---|---|---|
| Title | Sandra Miranda v. Thomas C Hokinson et al | | |

and ex parte application to compel a mental examination of Plaintiff were defective, were based upon falsehoods, and were brought in bad faith.  The Magistrate Judge in its Order dated December 12, 2008, already considered Plaintiff's request for sanctions brought in connection with Defendants' discovery motions.

A district court will not modify or set aside a magistrate judge's order unless it is "found to be clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).[2]  The clearly erroneous standard applies to the magistrate judge's factual findings while the contrary to law standard applies to the magistrate judge's legal conclusions, which are reviewed de novo.  See Wolpin v. Philip Morris, Inc., 189 F.R.D. 418, 422 (C.D. Cal. 1999); also see Center for Biological Diversity v. Federal Highway Admin.,  290 F.Supp.2d 1175, 1199-1200 (S.D.Cal. 2003) (quoting Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir.1997), for the proposition that "discretionary orders will be overturned 'only if the district court is left with the definite and firm conviction that a mistake has been made' ").

When reviewing discovery disputes, "the Magistrate is afforded broad discretion, which will be overruled only if abused."  Wright v. FBI, 385 F. Supp. 2d 1038, 1041 (C.D. Cal. 2005); Geophysical Sys. Corp. v. Raytheon Co., Inc., 117 F.R.D. 646, 647 (C.D. Cal. 1987) (Tashima, J.) (questions of relevance in discovery context are reviewed under "the clearly implicit standard of abuse of discretion.").

Here, the Magistrate Judge acknowledged, "plaintiff seeks sanctions in the amount of $6,000.00 against defendants' counsel under Federal Rule of Civil Procedure 11 for filing a frivolous discovery motion," but held, "since the Court has granted defendants' motion, in part, the Court denies plaintiff's request for sanctions under Rule 11(c)."  (Order dated December 12, 2008 at 8.) The Court does not find that the Magistrate Judge's denial of sanctions constitutes an abuse of discretion, is clearly erroneous, or is contrary to law.  The Court hereby DENIES Plaintiff's Motion/Appeal of the Magistrate Judge's Orders (docket no. 85) in its entirety.

: N/A

---

[2] The Local Rules require that a party objecting to a Magistrate Judge's ruling on a nondispositive matter must "designat[e] the specific portions of the ruling objected to and stat[e] the grounds for the objection."  Local Rule 72-2.1.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:07-cv-00609-FMC-RCx | Date | January 23, 2009 |
|---|---|---|---|
| Title | Sandra Miranda v. Thomas C Hokinson et al | | |

Initials of Preparer    AM